UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EDWARD HOUPT,** | ) Case No.  1:13 CV 1836 |
| | ) |
| Plaintiff, | ) |
| | ) Judge Dan Aaron Polster |
| vs. | ) |
| | ) |
| **CITY OF CLEVELAND et al.,** | ) <u>ORDER</u> |
| | ) |
| **Defendants.** | ) |

Pending before the Court is Defendant City of Cleveland's (the "City") Motion to Dismiss the Complaint ("Motion to Dismiss") (Doc. # 4) and Plaintiff Edward Houpt's Response in Opposition to the Motion to Dismiss (Doc. # 7).  For the following reasons, the Motion to Dismiss is GRANTED.

**I. BACKGROUND**

This is a civil-rights case arising out of an incident that occurred at the Cleveland Police Headquarters on August 02, 2012, involving the Plaintiff and a Cleveland City Police Officer, Officer Carlos Robles.  The following facts are alleged by Plaintiff in his Complaint and are taken as true for purposes of the motion to dismiss.  <u>See</u> <u>Directv, Inc. v. Treesh</u>, 487 F.3d 471, 476 (6th Cir. 2007).

On August 2, 2012, Plaintiff was arrested in the City of Cleveland for disorderly conducted and was taken to Cleveland Police Headquarters ("Police Headquarters") at 1300 Ontario Street for booking and processing.  Plaintiff was placed in handcuffs and escorted through the Police Headquarters.  Plaintiff alleges that as Officer Robles walked him into the

elevator, and without any provocation, he slammed Plaintiff's head face first into the elevator wall cutting and breaking Plaintiff's nose. Plaintiff was then transported to a separate location for treatment by Emergency Medical Services, and later returned to the Police Headquarters where he was booked and jailed. Plaintiff alleges that he required additional surgery to correct his broken nose.

Plaintiff subsequently brought this lawsuit against the City, Officer Robles, in his individual and official capacity, and John Doe Officer, seeking compensatory and punitive damages. In his Complaint, Plaintiff alleges a violation of his constitutional right to be free from excessive force (Count One); a *Monell* claim based on a "failure to train" theory (Count Two); assault and battery (Count Three); intentional infliction of emotional distress (Count Four); and negligence( Count Five). Of the five counts asserted by Plaintiff, two apply to the City; Count Two, liability based on an alleged failure to train, and Count Five, negligence.

Now before the Court is Defendant City of Cleveland's Motion to Dismiss, in which it seeks to dismiss Counts Two and Five. The City also moves to dismiss Plaintiff's demand for an award of punitive damages. Plaintiff filed a Response in Opposition to the Motion, in which he only opposes the dismissal of his *Monell* claim (Count Two); he concedes the dismissal of Count Five, his negligence claim against the City, as well as his demand for an award of punitive damages against the City.

## II. LEGAL STANDARD

The City seeks to dismiss Plaintiff's *Monell* claim for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S Ct. at 1949 (citing *Twombly*, 550 U.S. at 55). The plausibility requirement is not a heightened pleading requirement, but "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.*

### III. ANALYSIS

A municipality can be found liable under 42 U.S.C. § 1983 only when the municipality itself causes the constitutional violation at issue. *City of Canton v. Harris*, 489 U.S. 378, 385 (U.S. 1989) (citing *Monell,* 436 U.S. 658). To prevail on a claim against a municipality under §1983, a plaintiff must establish both: (1) the deprivation of a constitutional right; and (2) the city's responsibility for that violation. *See Howard v. City of Girard, Ohio,* 346 F. App'x 49, 51(6th Cir. 2010) (citation omitted). Therefore, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of Cty. Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403 (1997)(citing *Monell, supra,* at 694). The Sixth Circuit has recognized four avenues by which a plaintiff can prove the existence of a municipality's illegal policy or custom, and bring what is referred to as a "Monell claim": "1) the municipality's legislative enactments or official agency policies; 2) actions taken by officials with final decision-making authority; 3) a policy of inadequate training or supervision; or 4) a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005) (citations omitted).

Here, Plaintiff asserts a *Monell* claim based on the City's alleged policy of inadequate training concerning the use of excessive force. In his Complaint, Plaintiff alleges that the City's "[failure] to properly train its police officers in the proper conduct towards its citizens, in permitting the excessive use of force and other violations of Plaintiff's Constitutional rights, constitute a violation of defendant City of Cleveland's obligation to maintain lawful policies and procedures pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)." (Doc. # 1 at para 21). Without any factual allegations to support his *Monell* claim, Plaintiff's use of the phrase 'failure to train' is meaningless. *Johnson v. Gannon,* 2010 WL 1658616, at * 4 (M.D. Tenn. Apr. 23, 2010) (citation omitted). The only factual allegation in Plaintiff's Complaint that is relevant to his *Monell* claim is his assertion that the City knew, or should have known, of Defendant Robles' propensity for violence and use of excessive force in prior instances, and, nevertheless, the City allowed Robles to maintain his position with the Cleveland Police Department.

As noted by the City, a plaintiff cannot rely solely on a single incident to demonstrate that a municipality had a policy or custom of inadequate training. Rather, a plaintiff must demonstrate a clear and persistent pattern of illegal activity. *Thomas v. City of Chattanooga,* 398 F.3d 426, 432 (holding that a claim that a police department had a policy or custom of condoning excessive force must be shown by a clear and persistent pattern). Plaintiff alleges that, prior to the incident giving rise to this case, the City was aware of "specific instances of violence and excessive force involving Officer Robles. " (Doc. # 7, at Sec. III). However, Plaintiff fails to allege any facts describing these alleged "specific instances." Without factual allegations detailing these alleged "specific instances", the only instance of alleged illegal activity is the one

involving the Plaintiff. To support a *Monell* claim based on a "failure to train" theory of liability, a plaintiff must plead facts demonstrating a pattern of illegal activity. A single incident alleging illegal activity is insufficient to withstand a 12(b)(6) motion to dismiss. *See Mitchell v. City of Hamilton*, 2012 WL 701173, at * 5 (S.D. Ohio March 1, 2012) (dismissing a *Monell* claim because the plaintiff had "pleaded facts concerning only a single set of wrongful acts towards him, not a policy or custom of inadequate training or supervision"); *Hill v. Cincinnati,* 2010 WL 3257725, at * 5 (S.D. Ohio July 16, 2010) (dismissing claim against the city where the plaintiff pleaded "only facts [that] .... relate to her individual circumstances"), *report and recommendation adopted by*, 2010 WL 3257727 (S.D. Aug. 17, 2010); *Scrap Yard, LLC v. City of Cleveland,* 2011 WL 3900571, at *4 (N.D. Ohio Sept. 6, 2011) (dismissing claims that were "founded on a single set of allegedly wrongful acts...[ rather than on] violations [that] occurred pursuant to the City of Cleveland's policy or custom") (citation and internal quotes omitted).

In his Opposition Brief, Plaintiff cites *Dowling v. City of Barberton* for the proposition that "to survive a motion to dismiss, a *Monell* plaintiff need only plead a constitutional violation and allege that the violation was caused by an official policy or custom." *Dowling v. City of Barberton,* 2008 WL 4415931, at *3 (N.D. Ohio, Sept. 24, 2008). However, as noted above, post *Iqbal*, district courts in the Sixth Circuit have held that to plead a *Monell* claim based on a "failure to train", the plaintiff must allege facts demonstrating that there was a pattern of illegal activity. *See e.g., Mitchell v. City of Hamilton,* 2012 WL 701173 at ¶ 5 (S.D. Ohio March 1, 2012); *Hill v. Cincinnati,* 2010 WL 3257725, at * 5 (S.D. Ohio July 16, 2010), report and recommendation adopted by, 2010 WL 3257727 (S.D. Aug. 17, 2010); *Scrap Yard, LLC v. City*

-5-

*of Cleveland,* 2011 WL 3900571, at *4 (N.D. Ohio Sept. 6, 2011). The Court agrees with these post *Iqbal* cases, and holds that Plaintiff must allege facts detailing Officer Robles' alleged use of excessive force in prior instances.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant City of Cleveland's Motion to Dismiss (Doc. # 4). If Plaintiff knows of facts supporting his allegation that the City knew or should have known of Robles' propensity for violence and use of excessive force in prior instances he may file an amended complaint no later than December 20, 2013.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster 12/5/13*
**Dan Aaron Polster**
**United States District Judge**